JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant, the state of Ohio, appeals the judgment of the trial court that dismissed the felony enhancements to two counts of an indictment. Because we conclude that the state's assignment of error is well taken, we reverse the judgment of the trial court.
Defendant-appellee James Moore was charged with two counts of menacing by stalking,[1] two counts of telecommunications harassment,[2] and one count of possessing criminal tools.[3] Both telecommunications-harassment charges alleged that Moore had previously been convicted of telephone harassment in Gwinette County, Georgia, which resulted in the enhancement of the misdemeanor charges to felonies of the fifth degree. Moore moved to dismiss the enhancements of the telecommunications-harassment charges. After a hearing, the trial court granted Moore's motion to dismiss the enhancements. In its sole assignment of error, the state now argues that the trial court erred in granting the motion to dismiss the enhancements.
Moore was indicted for violating R.C. 2917.21(B). "A violation of division [R.C. 2917.21(B)] is a misdemeanor of the first degree on the first offense and a felony of the fifth degree on each subsequent offense."[4] Under R.C. 2901.04 (C), "[a]ny provision of a section of the Revised Code that refers to a previous conviction of or plea of guilty to a violation of a section of the Revised Code or of a division of a section of the Revised Code shall be construed to also refer to a previous conviction of or plea of guilty to a substantially equivalent offense under an existing or former law of * * * another state." In the proceedings below, Moore argued that R.C. 2901.04(C) did not apply because it referred to a "previous conviction" rather than a "subsequent offense." But we agree with the trial court that the section did apply. If Moore was previously convicted of a substantially equivalent offense in Georgia, the telecommunications-harassment charges would be properly enhanced to felonies.
We turn then to the question of whether the offense for which Moore was convicted in Georgia was substantially equivalent to the offenses for which he was charged in this case. The state alleged that in 1995 Moore was convicted of telephone harassment in violation of Ga. Code Ann. 16-11-39.1. That section states that "[a] person commits the offense of harassing phone calls if such person telephones another person repeatedly, whether or not conversation ensues, for the purpose of annoying, harassing, or molesting another person or the family of such other person; uses over the telephone language threatening bodily harm; telephones and intentionally fails to hang up or disengage the connection; or knowingly permits any telephone under such person's control to be used for any purpose prohibited by this subsection." The present indictment charged Moore with two violations of R.C.2917.21(B), which states that "[n]o person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person."
As discussed by the trial court, the Georgia statute could be violated in any of four ways. One action that would be a violation of the statute would be telephoning a person and intentionally failing to hang up. In its entry granting the motion to dismiss the enhancements, the trial court stated that this action might not be a violation of the R.C. 2917.21. Because an individual could commit an act that would be a crime in Georgia but that would not constitute a crime were it committed in Ohio, the trial court concluded that the Georgia statute was not substantially equivalent to R.C. 2917.21.
We conclude that it was premature for the trial court to determine that the offenses were not substantially equivalent. The issue was raised in a motion to dismiss. At that point in the proceedings, the state had not yet presented evidence regarding the way in which Moore had violated the Georgia statute. It is possible that the offense committed by Moore in Georgia was substantially equivalent to the offenses for which he had been indicted, and the state should be given the opportunity to prove so beyond a reasonable doubt. We agree with the trial court that the offense of telephoning a person and intentionally failing to hang up might not be substantially equivalent to a violation of R.C. 2921.17(B). But that determination is for the trier of fact.
The state's sole assignment of error is well taken. Accordingly, the judgment of the trial court is reversed, and this case is remanded for proceedings consistent with the foregoing and the law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Hildebrandt and Sundermann, JJ.
[1] R.C. 2903.211(A).
[2] R.C. 2917.21(B).
[3] R.C. 2923.24(A).
[4] R.C. 2917.21(C)(2).